IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RUTH BLACKWELL, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 2:20-CV-03189 |
| | ) |
| MEMORIAL MEDICAL CENTER, an | ) |
| Illinois not-for-profit corporation, | ) |
| | ) |
|    Defendant. | ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant's Motion to Dismiss. (d/e 7). Because Plaintiff's Complaint does not allege a real and immediate threat of future violations of her rights, Defendant's Motion is GRANTED.

### I.   LEGAL STANDARD

Defendant has filed its motion pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under that rule challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of

the claim showing he is entitled to relief and giving the defendants fair notice of the claims.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion under Rule 12(b)(6), the Court accepts all well-pleaded allegations as true while construing all reasonable inferences in the plaintiff's favor.  Id.  Thus, the complaint is construed in the light most favorable to the plaintiff.  Id.  But the complaint must still set forth facts that plausibly demonstrate a claim for relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendants are liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action.  Id.  Using this standard, the allegations in the Complaint are considered below.

## II.   FACTS ALLEGED IN THE COMPLAINT

Plaintiff Ruth Blackwell is deaf and therefore a person with a disability within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12181–89 ("ADA"), the Rehabilitation Act, 29 U.S.C. §

794, et seq., and the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116 ("ACA"). Defendant Memorial Medical Center ("Memorial") is one of seven affiliates of Memorial Health System, and is a regional acute care medical center located in Springfield, Illinois. Passavant Area Hospital ("Passavant") is another affiliate of Memorial Health System located in Jacksonville, Illinois. Memorial is a public accommodation within the meaning of the ADA, is a recipient of federal funds under the Rehabilitation Act, and is a covered entity under the ACA. Compl. (d/e 1) ¶¶ 3–4, 8–9.

On January 8, 2019, Plaintiff and her adult daughter, who is fluent in American Sign Language ("ASL"), traveled to Memorial for a Plaintiff's planned surgery to alleviate neck pain, including "posterior cervical decompression at the C3-C6 levels with fusion, bone graft and placement of instrumentation." About two-weeks before the surgery, Plaintiff requested an on-site ASL interpreter be present for the surgery. While the interpreter who was provided did not stay in the recovery room longer than immediately after the operation, the interpreter was present before, during, and after the operation and helped explain that the surgery went well. The

remainder of the time in recovery, Plaintiff's daughter assisted Plaintiff in communicating with Memorial staff. Id. at ¶¶ 10–13.

The day after the operation, the surgeon who performed the surgery communicated with Plaintiff without using either video remote interpreting equipment ("VRI") or an interpreter. As a result, Plaintiff could not ask the surgeon specific questions about the surgery. Shortly thereafter, a nurse arrived and, with Plaintiff's daughter translating, gave Plaintiff discharge instructions, though Plaintiff's daughter could not interpret all the instructions completely. Plaintiff later learned the full extent of her surgery—including that 8 screws were used in the operation rather than the initially projected 4 screws—through an interpreter for her doctor at Passavant. Id. at ¶¶ 14–18. Plaintiff filed the present suit on July 27, 2020.

### III.  ANALYSIS

Plaintiff alleges that the above-stated facts amount to three counts of violations of federal law: one count of violating the Americans with Disabilities Act, 42 U.S.C. § 12181–89, one count of violating the Rehabilitation Act, 29 U.S.C. § 794, et seq., and one count of violating of the Patient Protection and Affordable Care Act,

42 U.S.C. § 18116.  See generally Compl. (d/e 1).  Defendant, in turn, moves to dismiss each count on the ground that Plaintiff lacks Article III standing to sue, so the Complaint fails to state a claim.

Article III of the Constitution states that "[t]he Judicial Power shall extend to all Cases . . . [and] Controversies."  Standing to sue is an essential component of the case-or-controversy requirement.  Scherr v. Marriott Int'l, 703 F.3d 1069, 1074 (7th Cir. 2013) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)).  To have standing, a party must allege "(1) injury in fact, which must be concrete and particularized, and actual and imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) redressability."  Id. at 1074.  While the alleged injury need not be certain to occur to be "actual and imminent," it must be more than theoretical.  MainStreet Org. of Realtors v. Calumet City, Ill., 505 F.3d 742, 744–45 (7th Cir. 2007).

Furthermore, when the relief sought is prospective injunctive relief, as it is here, "a party must allege a 'real and immediate' threat of future violations of their rights."  Scherr, 703 F.3d at 1074 (citing City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)).  Specific to claims of ADA violations, "a plaintiff must allege 'past

injury under the ADA'; show that 'it is reasonable to infer from her complaint that this discriminatory treatment will continue'; and show that 'it is also reasonable to infer, based on the past frequency of her visits and the proximity of [the public accommodation] to her home, that she intends to return to [the public accommodation] in the future.'" Id. (citing Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008)).  This standard is the same for establishing violations under the ADA, the ACA, and the Rehabilitation Act.  See Jaros v. Illinois Dep't of Corr., 684 F.3d 667, 671–72 (7th Cir. 2012); see also Rodriguez v. City of New York, 197 F.3d 611, 618 (2nd Cir. 1999).

Defendant argues that Plaintiff has failed to show a "real and imminent threat of future rights violations" because Plaintiff has been discharged from Memorial, does not require any follow up care at Memorial's facilities, and has not alleged any intention to ever return to Memorial.  Defs. Mem. in Support of Mot. to Dismiss (d/e 8) at p. 3 (citing Scherr, 703 F.3d at 1073).  This, Defendant argues, shows that Plaintiff's complaint does not allege an "actual and imminent" injury, and leaves Plaintiff's complaint wanting.

In response, Plaintiff argues that the complaint sufficiently alleges a past harm which has deterred her from revisiting Memorial, something she would do were it not for the alleged lack of reasonable accommodations. According to Plaintiff, such deterrence amounts to an injury in fact sufficient to grant her standing to seek injunctive relief. Additionally, Plaintiff states that, while she primarily utilizes Passavant Area Hospital for medical needs, she continues to receive post-operative care from specialists in Springfield, Illinois and may need to utilize Memorial's specialists in the future. Plaintiff also cites one, and only one, previous visit to Memorial to be treated for vertigo in April 2018 as evidence she intends to visit Memorial again.

Despite Plaintiff's arguments, her claims do not rise to the level required to have standing. While Plaintiff has alleged a plausible past claim under the ADA, her complaint does not show an intent to return to Memorial in the future. The allegations instead show that Plaintiff was discharged from Memorial with no follow up appointments there and that some physicians at Passavant might refer Plaintiff to Memorial at some time in the future for unspecified specialist services that are not yet required.

See Compl. at ¶ 5, 16–17.  Such claims are theoretical and do not raise a reasonable inference that Plaintiff intends to return to Memorial in the future.  See Scherr, 703 F.3d at 1074–75 (holding that the plaintiff had standing to sue a specific Marriott hotel location for alleged violations of the ADA because she stated she would use that specific location in the future, but she did not have standing to sue other Marriott locations because she did not "assert an intent to return to [those] particular place[s].")  Plaintiff states in her Response to Defendant's Motion to Dismiss (d/e 11) that she continues to receive post-operative care in Springfield.  But that claim is not alleged in her Complaint, and, even if it were, Plaintiff does not allege that those specialists are at Memorial.  As a result, Plaintiff has not shown a "real and immediate threat of future rights violations."  Scherr, 703 F.3d at 1073.  Thus, Plaintiff's Complaint does not raise claims sufficient to form Article III standing.

## IV.   CONCLUSION

Therefore, Defendant's Motion to Dismiss (d/e 7) is GRANTED, and Plaintiff's Complaint (d/e 1) is DISMISSED without prejudice. While the Court dismisses Plaintiff's Complaint, Plaintiff is given 21 days from the date of this Order to file an Amended Complaint

addressing the deficiencies identified above.  If Plaintiff fails to do so the Court may dismiss this case with prejudice for failure to prosecute.

**ENTERED:  September 29, 2021**

**FOR THE COURT:**          <u>/s/ Sue E. Myerscough</u>
                            **SUE E. MYERSCOUGH**
                            **UNITED STATES DISTRICT JUDGE**